## ALBERT DUMONT *v.* HANS WAGNER ET AL.
### (AC 19673)

Lavery, Schaller and Spear, Js.[1]

Submitted on briefs December 15, 1999—officially released April 18, 2000

*Paul J. Garlasco* filed a brief for the appellant (plaintiff).

### Opinion

SPEAR, J. The plaintiff, Albert Dumont, appeals from the judgment for the defendants, Hans Wagner and Brenda Wagner, that was rendered after a hearing in damages on the plaintiff's claim of breach of contract. The hearing in damages was held after a default was

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

entered against the defendants. The plaintiff claims that the trial court improperly applied the Home Improvement Act (act), General Statutes § 20-418 et seq., to bar the plaintiff's claim without any basis in law or fact. We agree and reverse the judgment of the trial court.

The complaint alleged that the plaintiff entered into an oral contract with the defendants to provide them with Kraftmade cabinets at a price of $5592.72. The plaintiff claimed that he purchased the cabinets at a Home Depot store and had Home Depot deliver them to the defendants' home. The defendants refused to pay.

The plaintiff brought a breach of contract action and obtained a default judgment after the defendants failed to appear. Thereafter, the plaintiff claimed the matter for the hearing in damages list, and at the hearing presented evidence in support of his claim. At the conclusion of the hearing, the trial court reserved decision and thereafter rendered judgment for the defendants because the court found that "the transaction [fell] under the provisions of Connecticut General Statutes §§ 20-419[2] and 20-429[3] and [was] therefore barred."[4]

In its memorandum of decision, the court stated: "A proper interpretation of the oral contract and the testimony of the plaintiff is that not only was the plaintiff to deliver the cabinets to the defendants' home, but

---

[2] General Statutes § 20-419 (4) provides in relevant part: " 'Home Improvement' includes, but is not limited to, the  . . .  replacement, remodeling, alteration, conversion, modernization, improvement . . . of  . . .  any land or building  . . .  designed to be used as a private residence  . . . ."

[3] General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing  . . . ."

[4] The trial court initially notified the plaintiff of its judgment for the defendants by postcard dated May 18, 1999. The court heard the plaintiff's motion to set aside the judgment on June 1, 1999. During the colloquy at that hearing, the court stated: "He delivered, he put them in." In response, counsel stated that the plaintiff did not so testify. After that hearing, the court rendered its memorandum of decision on July 13, 1999.

in addition he was to install them. He was not the manufacturer of the units or engaged in the business of selling them. If a purchase of the units is all that the defendants sought, they could have made a direct purchase. The court finds that the defendants, by entering into the oral contract, expected the units not only to be delivered but also installed."

We review a trial court's finding of facts under the clearly erroneous standard. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The court's legal conclusions are subject to plenary review. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." Id., 221. We conclude that the court's factual finding was clearly erroneous. Its legal conclusion that the act applies was based on an erroneous factual finding and cannot stand.

We have reviewed all of the evidence and find nothing to support, directly or indirectly, a factual conclusion that the plaintiff was to install the cabinets or that the defendants expected him to do so. The only evidence was from the plaintiff, who testified that the agreement called for him to supply the cabinets by way of having them delivered from Home Depot. The plaintiff testified that he purchased the cabinets and put them on his credit card, and that the cabinets were delivered by Home Depot to the defendants' home in accordance with the oral agreement. The defendants were to repay the plaintiff for the cost of the cabinets plus any interest charged.

We conclude that there was no basis whatsoever for the court's factual finding that the contract required the plaintiff to install the cabinets. "A factual finding is clearly erroneous when it is not supported by any evidence in the record . . . ." *Hartford Electric Supply Co.* v. *Allen-Bradley Co.*, 250 Conn. 334, 345–46, 736 A.2d 824 (1999).

Because the court found that the plaintiff agreed to install the cabinets, the court concluded that §§ 20-419 and 20-429 of the act applied to bar the plaintiff's claim. That legal conclusion is without any factual foundation and is, therefore, improper.

The judgment is reversed and the case is remanded for a new hearing in damages.

In this opinion the other judges concurred.