[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Millwork Shop, LLC, seeks damages of $12,868.80 plus interest from the defendants Daniel and Wendy O'Brien for materials furnished and services rendered, specifically custom made doors. The defendants admitted to an agreement to pay the reasonable value of materials furnished and services rendered but denied owing the sum claimed, and assert by special defense that 1) the plaintiff has been paid in full; 2) the plaintiff provided substandard and unworkmanlike service; 3) the plaintiff failed to conform to the requirements of the Connecticut Home Improvement Contractors Act so that recovery is barred; and 4) there is no written contract allowing for additional recovery. By counterclaim, the defendants claim that the plaintiff failed to supply or manufacture materials in a workmanlike manner, causing damage to the defendants.
A prejudgment remedy in the amount of $12,868.80 entered on May 14, 2001. The case proceeded to trial with the consolidated case ofTorrington Sash Door Works, Inc. v. Daniel and Wendy O'Brien, Doc. No. 010084653, on February 4 and 5, 2003. The parties submitted post-trial briefs on February 19, 2003.
At trial the court heard testimony of James Dowd, president of the plaintiff LLC, and the defendant, Daniel O'Brien, and J. Milton Moore, an architect hired by the defendants who examined the plaintiff's doors after installation. It also reviewed the deposition testimony of William Flood, a sometime employee of the defendant Daniel O'Brien.
Based upon the pleadings and the credible and probative evidence, the court finds the following facts by a fair preponderance of the evidence. The defendants own property named Trout Walk Farm in Wassaic, New York. In 1999 and 2000, there was a construction project at Trout Walk Farm involving significant restoration of a two-hundred-year-old house and carriage house and the new construction of a garage and a horse barn. During the project, the defendants hired William Flood as head of CT Page 3638 construction. In early 2000, Flood sought out the plaintiff for the job of manufacturing doors, initially as exterior doors for the existing house. Throughout their work for the defendants, the plaintiff dealt with Flood. The plaintiff was paid in full for these doors. With the defendants' approval, the plaintiff manufactured doors for the pool house and interior doors for the house. The defendants paid the plaintiff a total of approximately $47,000 for the doors. The plaintiff neither painted nor installed the doors. The hardware for these doors was back ordered so that some doors were installed without hardware. The plaintiff returned to the site as the hardware arrived. The plaintiff also returned to replace weather stripping. Some of the glass panes in the doors were broken. The credible evidence established that it would cost the defendants approximately $1000 to repair the failed panes. The court finds that, notwithstanding the defendants' claim, the agreement did not include locks on the doors. The defendant did not pay invoice dated October 9, 2000, totaling $12,868.00.
The defendants argue that 1) the work as not workmanlike, 2) that this action is barred by the statute of frauds, and 3) that the Home Improvement Contractors Act bars recovery. As to the last argument, the case of Dumont v. Wagner, 57 Conn. App. 366 (2000), disposes of this issue because the plaintiff here did not install the doors so that the Act does not apply to them. As to the argument that the statute of frauds bars this action, the court is not persuaded. The defendants seem to claim that the agreement involved real property so that General Statutes § 52-550 (4) bars the action. The agreement here was the manufacture of doors and not one involving real property.
Finally, the evidence does not support the defendants' claim that the doors were not manufactured in a workmanlike manner. Thus, and additionally, the defendants have not proven the allegations of their counterclaim. Judgment may enter in favor of the plaintiff on the counterclaim.
The court has established by a fair preponderance of the evidence that it is entitled to $12,868.00 less $1,000.00 as the reasonable value of the material and services remaining unpaid. No prejudgment interest is awarded.
Judgment may enter in favor of the plaintiff on the complaint in the amount of $11,868.00, plus costs.
DiPentima, J. CT Page 3639